UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CENDANT CORPORATION, | : | 3:06 CV 00854 (AWT) |
| Plaintiff | : | |
| v | | |
| E. KIRK SHELTON, et al | : | |
| Defendants | : | FEBRUARY 16, 2007 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION

### I. Introduction.

On June 28, 2006, Cendant applied for an ex parte prejudgment attachment of certain assets of the Defendants, including Amy Shelton's home at 573 Middlesex Road, Darien, Connecticut (the "Residence"). In the affidavit submitted in connection with the application, the only mention of the residence is the original 1988 deed by which the Sheltons purchased it and the 1993 Quit Claim Deed from E. Kirk Shelton to Amy Shelton of his ½ interest in the Residence. (Dkt.14). Nevertheless, in finding probable cause in favor of the Plaintiff, the Court relied upon "judicial notice of facts reflected in the Court's file, including the file in the jury trial in the criminal action known as United States of America v. Walter A. Forbes and E. Kirk Shelton, (Dkt. No. 3:02CR00264 (AWT)(the "Criminal Case") Ruling at 9. None of these "facts" or evidence was offered by the Plaintiff. Rather the Court took judicial notice sua sponte.

In her Memorandum of Law in Opposition to Application for Ex Parte Prejudgment Remedy, Mrs. Shelton noted that "The complaint alleges Mrs. Sheltons involvement in a fraud dating back to before 1988. Mr. Shelton's conviction pertains to a fraud beginning in 1995. There is no evidence in either affidavit concerning a fraud originating in 1995." Amy Shelton's Memorandum of Law in Opposition to Application for Ex Parte Prejudgment Remedy ("Amy's Opposition") at 6.

ZEISLER & ZEISLER, P.C. • ATTORNEYS AT LAW
558 CLINTON AVENUE • P. O. BOX 3186 • BRIDGEPORT, CONNECTICUT 06605-0186 • (203) 368-4234 • JURIS NO. 69625

In an apparent effect to remedy this defect in Cendant's Application, the Court took judicial notice of the following:

> "Count One of the indictment charged E. Kirk Shelton with participating in a conspiracy, which involved inter alia, fraudulently inflating the earnings CUC International, Inc., ("CUC") reported to the Securities and Exchange Commission and the investing public in order to artificially increase the price of CUC stock; CUC was one of the two companies that merged to form Cendant. The indictment charged that the conspiracy lasted from as early as the late 1980s to in or about April 1998. However, the overt acts charged in the indictment occurred during 1996, 1997 and 1998. Similarly, the conduct charged in the other eleven counts on which Kirk Shelton was convicted, i.e., mail fraud, wire fraud, false statements in a report required to be filed with the SEC and securities fraud, occurred during 1996, 1997 and 1998. Also, the jury was not asked to make a specific finding as to the year Kirk Shelton began participating in the conspiracy. Nonetheless, Kirk Shelton testified during the criminal case, that in 1981, when he started working at what would become CUC, there was somewhere around 30 employees that the company experienced significant growth, and that by 1992, he was not only chief operating officer, but also president of CUC. Also, Kirk Shelton introduced into evidence in the criminal case Defendant's Exhibit 30,776, which states that he was president of CUC beginning in 1992. The testimony of Cosmo Corigliano during the trial in the criminal case which was supported by exhibits such as Government's Exhibits 663, 665 and 670 (which pertain to CUC's fiscal year ended 1/31/91), established that the fraudulent inflation of CUC's earnings began prior to 1992. In addition, Kevin Kearney testified that when he started working at CUC during CUC's fiscal quarter ended 7/31/93, he inherited a form, reflected the fraudulent inflation of CUC's operating income, which had been used in prior fiscal quarters; the fiscal quarter ended 7/31/93 was CUC's second fiscal quarter, and its first fiscal quarter that year was comprised of the months of February, March and April. Kearney's testimony was supported by Government Exhibits 9321 and 9322."

Ruling at 9-10. The Court's judicial notice of this testimony and these exhibits is highly improper and constitutes plain error.

## II. Argument.

Pursuant to D. Conn. L. Civ. R. 7(c)(1), a party may move for reconsideration of a court's ruling within 10 days of that ruling. Motions for reconsideration are designed to permit a party to request reconsideration based upon controlling authority overlooked by the court. D. Conn. L. Civ. R. 7 (c)(1). Eisemann v. Greene, 204 F. 3d 393, 395 n. 2 (2d Cir. 2000); SNET v. Global Maps, Inc., 458 F. Supp. 2d 23 (D. Conn. 2006). In this case, as set forth below, the Court's

ruling is based upon its improper use of judicial notice in violation of controlling Second Circuit precedent.

Fed. R. Evid. 201 provides the basis for judicial notice. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201 (b). The exhibits and testimony to which the Court refers in its Ruling do not fall within this very limited category of subjects upon which the Court may take judicial notice. "A court may take judicial notice of a document filed in another court 'not for the truth of the manner asserted in the other litigation, but rather to establish the fact of such litigation and related filings.' Kramer v. Time Warner, Inc., 937 F. 2d 767, 774 (2d Cir. 1991)" Liberty Mutual Insurance Company v. Rotches Pork Packers, Inc., 969 F. 2d 1384, 1388 (2d Cir. 1992). The Court may not use judicial notice to establish facts asserted in testimony or exhibits filed in other Courts. Id. "Because the effect of judicial notice is to deprive a party of an opportunity to use rebuttal evidence, cross examination, an argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b). See Fed. R. Civ. 201 (b) Advisory Committee notes; c.f. Brown v. Piper, 91 U.S. 37, 43 23 L. Ed. 200 (1875) ('care must be taken that the requisite notoriety exists. Every reasonable doubt upon the subject should be resolved promptly in the negative.')." International Star Class Yacht Racing Association v. Tommy Hilfiger U.S.A., Inc., 146 F. 3d 66, 70 (2d Cir. 1998). "Facts adjudicated in a prior case do not meet either test of indisputability contained in Rule 201(b); they are not usually common knowledge, nor are they derived from an unimpeachable source." Id. For a court to rely on evidence in another case or even its own findings in another case, is reversible error. Id. see also Global

6

ZEISLER & ZEISLER, P.C.  •  ATTORNEYS AT LAW
558 CLINTON AVENUE  •  P. O. BOX 3186  •  BRIDGEPORT, CONNECTICUT 06605-0186  •  (203) 368-4234  •  JURIS NO. 69625

Network Communications, Inc. v. City of New York, 458 F. 3d, 150, 157 (2d Cir. 2006), In re: J.P. Morgan Chase Sec. Litig., 363 F. Supp. 2d 595, 626 n. 21 (S.D.N.Y. 2005); Nolte v. Capital One Fin. Corp., 390 F. 3d 311, 317 (4th Cir. 2004).

In this case, the Court's use of judicial notice is more egregiously wrong than in International Star Class Yacht Racing, In its Ruling, the Court referred to evidence and testimony in a case of which Amy Shelton was not a party. Amy Shelton does not have copies of exhibits referenced; Amy Shelton was not given an opportunity to cross examine the witnesses to whom the Court referred; Indeed, there are no witnesses whose testimony is such that its accuracy could not reasonably be questioned. Judicial notice of testimony and exhibits in another proceeding is highly inappropriate and should be stricken from the record.[1]

Absent the judicial notice taken by the Court of the evidence from the Criminal Case, there is no basis for a finding of probable cause with respect to the unjust enrichment claim asserted by Cendant. Accordingly the Court should vacate the portion of its Ruling finding probable cause with respect to that count and vacate the portion of its order granting Cendant a prejudgment attachment on the Residence.

AMY SHELTON

BY _[signature]_
Jeffrey Hellman ct04102
Zeisler & Zeisler, P.C.
558 Clinton Avenue
Bridgeport, CT 06605
(203) 368-4234
jhellman@zeislaw.com

---

[1] The recorded testimony of witnesses in the Criminal Case would not have been admissible even if Cendant had properly offered it. Fed. R. Evid. 804(b)(1).

CERTIFICATE OF SERVICE

This is to certify that the foregoing Motion for Reconsideration and Memorandum in Support Thereof has been filed via the Court's CMECF system or U.S. mail, postage prepaid, on this, the 16th day of February, 2007 to the following:

Amanda F. Lawrence, Esq.;
Robert E. Kaelin, Esq.
Murtha Cullina LLP
CityPlace I-185 Asylum Street
Hartford, CT 06103-3469

Jeremy Mellitz, Esq.
John A. Farnsworth, Esq.
Withers Bergman
157 Church Street
New Haven, CT 06510

Frank Franzino, Jr., Esq.
Meier Franzino & Scher, LLP
570 Lexington Avenue
New York, NY 10022

Andrew Kanter, Esq.
Dornbush Schaeffer Strongin & Venaglia, LLP
747 Third Avenue
New York, NY 10017

Charles Matays, Esq.
Matays & Kretschmann
271 Madison Avenue – Suite 705
New York, NY 10016

Thomas P. Puccio, Esq.
230 Park Avenue – Suite 301
New York, NY 10169

Hope Seeley, Esq.
Santos & Seeley
51 Russ Street
Hartford, CT 06106

by _____
Jeffrey Hellman ct04402