```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------------x
CENDANT CORPORATION,                :
                                    :
                 Plaintiff,         :
                                    :
v.                                  :   Civil No. 3:06CV00854(AWT)
                                    :
E. KIRK SHELTON, AMY M. SHELTON     :
and ROBIN D. JACKSON, TRUSTEE of    :
THE SHELTON CHILDREN IRREVOCABLE    :
TRUST,                              :
                                    :
                 Defendants.        :
------------------------------------x
```

**ORDER RE DEFENDANT AMY SHELTON'S MOTION TO COMPEL**

For the reasons set forth below, defendant Amy Shelton's motion to compel is being granted in part and denied in part.

As a preliminary matter, the court notes that Cendant Corporation has long claimed to be the victim of crimes committed by E. Kirk Shelton and that the term voluminous does not begin to describe the documentation concerning the criminal case brought against E. Kirk Shelton.

## I. Interrogatory 1

Defendant Amy Shelton asks Cendant to "identify all Cendant officers, directors or senior managers who reside in homes owned by his/her spouse."

Cendant contends that this information is irrelevant to the claims asserted by Cendant against Amy Shelton. The court does not agree. Cendant's arguments go to weight, not relevance, for the reasons set forth by Amy Shelton in her reply memorandum.

Accordingly, the motion is being granted with respect to Interrogatory 1.  The court notes that there is no indication of disagreement between the parties as to who is covered by the term "officers, directors or senior managers," but the court assumes that group consists of not more than 50 individuals.

## II.  **Interrogatory 7**

Interrogatory 7 requests that Cendant "identify all witnesses whom Cendant believes have relevant information which would support the allegations in Cendant's complaint."

The motion is being denied as moot with respect to Interrogatory 7 because Cendant has agreed to identify such witnesses.

## III. **Interrogatory 11**

Interrogatory 11 requests that Cendant "identify all communications between Cendant and any of its agents and the United States of America and any of its agents concerning this case or the case of United States of America v. E. Kirk Shelton, Dkt. No. 3:02CR264(AWT)."

The motion to compel is being denied with respect to Interrogatory 11.  The interrogatory is overly broad and consequently unduly burdensome.  Cendant argues that the communications are protected by the attorney-client privilege, the work product privilege and the common interest privilege. Amy Shelton appears to argue that Cendant has not demonstrated

that any such privilege applies because it has not submitted a privilege log pursuant to Local Rule 37(a)(1). However, that rule states that it only applies to document requests. Amy Shelton also contends that Cendant has laid no other factual foundation to meet its burden of showing that the communications are privileged. However, the request is so broad that one cannot reasonably expect Cendant to have laid a specific factual foundation.

**IV.** **Document Request 8**

Defendant Amy Shelton seeks "all documents concerning any communications between Cendant and any of its agents and the United States of America or any of its agents concerning this case or the case of United States of America v. E. Kirk Shelton, Dkt. No. 3:02CR264(AWT)."

The motion to compel is being denied with respect to this request for documents because it is overly broad and consequently unduly burdensome. Cendant argues that the documents are protected by the attorney-client privilege, the work product privilege and the common interest privilege. Here, Amy Shelton properly argues that Cendant has failed to produce a privilege log as required by Local Rule 37(a)(1), but requiring Cendant to produce a privilege log in response to such a broad request would be unduly burdensome.

**V.   Request 10**

Defendant Amy Shelton requests that Cendant produce "all internal Cendant documents concerning any claims by Cendant against Amy Shelton or E. Kirk Shelton."  This claim is overly broad and thus unduly burdensome with respect to E. Kirk Shelton.  Therefore, the motion to compel is being denied without prejudice with respect to this request.

The court notes that although Cendant argues that these documents are protected by the work product doctrine and/or attorney-client privilege, Cendant has not produced a privilege log as required by Local Rule 37(a)(1).

**VI.  Request 11**

Defendant Amy Shelton seeks "all documents concerning any internal Cendant communications concerning Robin Jackson, Trustee."  The court notes that the request is limited to Robin Jackson in his capacity as trustee.  Thus, even assuming that Robin Jackson is the same individual who submitted a letter and spoke to the court in connection with the sentencing proceedings for E. Kirk Shelton, this request does not cover matters related to the criminal case against E. Kirk Shelton.  Therefore, the court concludes that this request is not overly broad.  The motion to compel is being granted with respect to this request, and Cendant shall respond (including submitting a privilege log) with respect to this request forthwith.

**VII. Request 12**

Defendant Amy Shelton seeks "all Board of Directors' minutes of Cendant concerning any claims by Cendant against E. Kirk Shelton, Amy Shelton or Robin Jackson, Trustee." The motion to compel is being denied as moot with respect to the request for documents with respect to Amy Shelton and Robin Jackson, Trustee. The motion to compel is being denied without prejudice with respect to the request as to E. Kirk Shelton because it is overly broad and thus unduly burdensome. The court notes, however, that in the event a sufficiently specific request is made, blanket assertions of privilege will not be sufficient; rather, Cendant will be required, where appropriate, to redact documents and also to comply with Local Rule 37(a)(1).

**VIII. Common Interest Rule; Rule 26(b)(5)**

For future reference, the court notes that "[t]he joint defense privilege, more properly identified as the 'common interest rule,' . . . has been described as 'an extension of the attorney client privilege'" which "serves to protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel." In re Wagar, Civ. No. 1:06-MC-127 (LEK/RFT), 2006 WL 3699544, at *11 (N.D.N.Y. Dec. 13, 2006) (citation omitted). See also U.S. v. Schwimmer, 892 F.2d 237,

243 (2d Cir. 1989); TIFD III-E, Inc. v. U.S., 223 F.R.D. 47, 49 (D. Conn. 2004) ("The common interest rule extends the attorney client privilege to privileged communications revealed to a third party who shares a common legal goal with the party in possession of the original privilege. . . . The parties need not be actively involved in litigation; they must, however, demonstrate cooperation in formulating a common legal strategy."). "Paramount to the common interest doctrine, there must be a commonality of interest amongst the members to the agreement and each party must reasonably understand that the communications are provided in confidence." In re Waqar, 2006 WL 3699544, at *11. "The Second Circuit adheres to a strict interpretation of the common-interest rule such that '[o]nly those communications made in the course of an ongoing common enterprise and intended to further the enterprise are protected.'" U.S. v. Salvagno, 306 F.Supp.2d 258, 271 (N.D.N.Y. 2004) (citation omitted). Moreover, "'sharing a desire to succeed in an action does not create a common interest.'" Campinas Foundation v. Simoni, No. 02 Civ. 3965 BSJKNF, 2004 WL 2709850, at *2 (S.D.N.Y. Nov. 23, 2004).

"As in all claims of privilege arising out of the attorney-client relationship, a claim resting on the common interest rule requires a showing that the communication in question was given in confidence and that the client reasonably understood it to be so given. . . . The burden of establishing the attorney-client

6

privilege, in all its elements, always rests upon the person asserting it." Schwimmer, 892 F.2d at 244. "The party asserting the common interest rule bears the burden of showing that there was 'an agreement, though not necessarily in writing, embodying a cooperative and common enterprise towards an identical legal strategy.'" Denney v. Jenkens & Gilchrist, 362 F.Supp.2d 407, 415 (S.D.N.Y. 2004) (citation omitted).

Also, as Amy Shelton points out, Fed. R. Civ. P. 26(b)(5) requires Cendant to at least disclose "the nature of the documents, communications, or things not disclosed in a manner that . . . will enable other parties to assess the applicability of the privilege or protection." "In order for a document to qualify as work product, it must have been 'prepared in anticipation of litigation, [and] . . . by or for a party, or his representative.' . . . . The 'mere incantation' of work product protection is insufficient to establish that protection is warranted. . . . Instead, '[t]he burden is on the party resisting discovery to explain its objections and to provide support therefore.'" . . . . The burden cannot be 'discharged by mere conclusory or ipse dixit assertions.'" Strauss v. Credit Lyonnais, S.A., No. 06-CV-702 (CPS)(KAM), 2007 WL 1558567, at *39 (E.D.N.Y. May 25, 2007). See also U.S. Construction Products Research, Inc., 73 F.3d 463, 473 (2d Cir. 1996) (where respondents asserted a work-product privilege, the court

7

observed, "[t]o facilitate its determination of privilege, a court may require 'an adequately detailed privilege log in conjunction with evidentiary submissions to fill in any factual gaps.'") (citation omitted).

In accordance with the foregoing, defendant Amy Shelton's Motion to Compel (Doc. No. 114) is hereby GRANTED, in part, and DENIED, in part.

It is so ordered.

Dated this 24th day of August 2007, at Hartford, Connecticut.

                                          /s/AWT
                                    Alvin W. Thompson
                              United States District Judge